**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

DJURABEK JURAEV,

     Petitioner,

     v.                                                                          No. 2:26-cv-00720-SMD-SCY

GEORGE DEDOS, *et al.*,

     Respondents.

**<u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS</u>**

THIS MATTER is before the Court on Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1). The Court has reviewed the parties' submissions, the record, and the relevant law, and for the reasons set forth below, the Petition is **GRANTED**.

**BACKGROUND**

Petitioner Djurabek Juraev, a citizen of Uzbekistan, entered the United States without inspection on August 10, 2016. Doc. 1 ¶ 1. Immigration authorities apprehended him shortly upon entry and initially placed him in expedited removal proceedings pursuant to Immigration and Nationality Act ("INA") § 235(b)(1). *Id.* Petitioner's Notice to Appear dated September 8, 2016 did not classify him as an "arriving alien." *See* Doc. 1-2 at 1. After a positive credible fear determination, the Department of Homeland Security ("DHS") elected to initiate full removal proceedings under INA § 240. Doc. 1 ¶ 2. An immigration judge subsequently released Petitioner on a $10,000 bond pursuant to INA § 236(a). *Id.* Petitioner argues that his release on bond confirms that § 236(a), rather than § 235(b), governs his detention. *Id.* Since his release, Petitioner has married Manzura Rustamova and established a stable residence in Florida. *Id.* ¶ 3.

On June 21, 2017, Petitioner filed Form I-589, Application for Asylum and for Withholding of Removal. *Id.* ¶ 5. DHS issued Petitioner a valid Employment Authorization Document, effective from May 26, 2025 to May 25, 2030. *Id.* Petitioner maintained a commercial driver's license, worked as a commercial truck driver, and allegedly paid taxes. *Id.* Furthermore, Petitioner asserts that he has no criminal record, has complied with all terms of his release, and has appeared at every scheduled immigration court hearing for nearly ten years. *Id.* ¶ 6.

On June 19, 2025, ICE arrested Petitioner while he was working as a truck driver and transferred him to New Mexico. *Id.* ¶ 7. On July 16, 2025, an immigration judge denied bond for lack of jurisdiction. *Id.* ¶ 8. The immigration judge alternatively denied bond on the merits, finding that Petitioner failed to meet the burden of proving he was not a flight risk and characterizing his claims for relief as "speculative." *Id.* Petitioner has appealed this decision to the Board of Immigration Appeals ("BIA"), where the matter remains pending. *Id.* ¶ 10.

On January 26, 2026, the immigration judge denied Petitioner's application for asylum, withholding of removal, and withholding under the Convention Against Torture ("CAT"), and ordered Petitioner removed to Uzbekistan. *Id.* ¶ 11. Petitioner's appeal of this decision is also currently pending before the BIA. *Id.*

Petitioner challenges his ongoing detention and seeks immediate release, asserting that the denial of a bond hearing violates the INA, the Suspension Clause, and the Due Process Clause. *Id.* ¶ 36–55. Petitioner seeks immediate release or, alternatively, a constitutionally adequate bond hearing.

## DISCUSSION

This Court has jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). A district court may grant

a writ of habeas corpus to a petitioner who demonstrates that "[h]e is in custody in violation of the Constitution or laws . . . of the United States."  28 U.S.C. § 2241(c)(3).

I.      Statutory Framework: 8 U.S.C §§ 1225 and 1226

Sections 1225 and 1226 govern the detention of noncitizens prior to a final order of removal.  *See Jennings v. Rodriguez*, 583 U.S. 281, 287–89 (2018).  Section 1225(b) "applies primarily to [noncitizens] seeking entry into the United States"—i.e., "applicants for admission."  *Id*. at 297.  Detention pursuant to § 1225(b)(2)(A) is required "if the examining immigration officer determines that [a noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted."  Noncitizens detained pursuant to § 1225(b)(2) cannot be released on bond.

Section 1226(a) sets the "default rule" for detaining noncitizens "already present in the United States."  *Jennings*, 583 U.S. at 303.  Under § 1226(a), a noncitizen "may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States."  Noncitizens detained pursuant to § 1226(a) are therefore generally entitled to individualized bond hearings.  *See id.* at 306.

Sections 1225(b)(2)(A) and 1226(a) are mutually exclusive in that both provisions cannot simultaneously govern Petitioner's detention.  *E.g.*, *Romero v. Hyde*, 795 F. Supp. 3d 271, 286 (D. Mass. 2025); *see also, Patel v. Crowley*, No. 25-cv-11180, 2025 WL 2996787, at *5 (N.D. Ill. Oct. 24, 2025); *Artiga v. Genalo*, No. 25-cv-5208, 2025 WL 2829434, at *4 (E.D.N.Y. Oct. 5, 2025).

Section 1226(a), rather than § 1225(b)(2), governs Petitioner's detention because he was "already present in the United States" at the time of his arrest.  *Jennings*, 583 U.S. at 303.  Petitioner has resided in the United States for approximately ten years since his entry in 2016 and was recently detained in the U.S. interior.  Doc. 1 ¶¶ 1, 7.  He is therefore not subject to the mandatory detention provisions of § 1225, which apply to those seeking admission, specifically

3

noncitizens who present at a port of entry or are apprehended immediately after entering. Petitioner is instead entitled to a bond hearing under § 1226(a). *See Aragon v. Noem*, No. 2:26-CV-00065, 2026 WL 458449, at *2 (D.N.M. Feb. 18, 2026); *Cortez-Gonzalez v. Noem*, ___ F. Supp. 3d ___, 2025 WL 3485771, at *3 (D.N.M. Dec. 4, 2025); *Velasquez Salazar v. Dedos*, No. 1:25-cv-00835-DHU-JMR, 2025 WL 2676729, at *4 (D.N.M. Sept. 17, 2025); *Pu Sacvin v. De Anda-Ybarra*, No. 2:25-cv-01031-KG-JFR, 2025 WL 3187432, at *3 (D.N.M. Nov. 14, 2025); *see also Figuera v. Ripa*, No. 26-CV-20307-JB, 2026 WL 467569, at *5 (S.D. Fla. Feb. 19, 2026); *Wuilmer v. Noem*, No. 25-CV-3236 (NEB/JFD), 2026 WL 458457, at *3 (D. Minn. Feb. 18, 2026); *Villatoro v. Ripa*, No. 2:26-CV-00213-SPC-DNF, 2026 WL 452432, at *1 (M.D. Fla. Feb. 18, 2026).

II.      The Government's Detention of Petitioner Violates His Fifth Amendment Rights

The Court finds that Petitioner's continued detention violates his Fifth Amendment rights. Courts analyze due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *Garcia Domingo v. Castro*, 806 F. Supp. 1246, 1251–52 (D.N.M. Oct. 15, 2025) (citing *Ky. Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). Though the Government "may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings," that "limited period" cannot be indefinite. *Demore v. Kim*, 538 U.S. 510, 527 (2003). As the length of detention

4

stretches on, an individual's due process interests escalate and the government's burden to justify continued detention mounts. *Id*. at 529; *Jennings*, 583 U.S. at 310–11; *Mohamed v. Sec'y Dep't of Homeland Sec.*, 376 F. Supp. 3d 950, 957 (D. Minn. 2018).

The Government has offered neither a justification nor a formal process for the deprivation of Petitioner's protected liberty interest. The combination of release on bond and the issuance of a valid Employment Authorization Document by DHS creates a constitutionally protected interest that cannot be revoked without providing due process of law. While the Court recognizes that neither bond nor an Employment Authorization Document constitutes formal legal status to remain in the country, any revocation of these interests must still comport with constitutional procedural safeguards.

The United State's power to admit or exclude aliens is no longer plenary once an alien enters the country, because the Due Process Clause applies to "all persons." *See Landon v. Plasencia*, 459 U.S. 21, 32 (1982) ("Once an alien gains admission to our country and begins to develop the ties that go with permanent residence his constitutional status changes accordingly."). Petitioner possesses a protected liberty interest in remaining free from detention and was deprived of that interest without constitutionally adequate process.

The Government concedes that the material facts of this case are similar from those in *Martin Ramirez v. Noem*, No. 2:26-cv-00063-SMD-GJF, 2026 WL 381869, at *7 (D.N.M. Feb. 11, 2026). *See* Doc. 7 at 3. Furthermore, the Government acknowledges that *Martin Ramirez* controls the outcome here should the Court adhere to that precedent. *See id.* Because Respondents have offered no independent legal basis for continued custody, Petitioner is entitled to relief

pursuant to § 2241. *See Martin Ramirez*, 2026 WL 381869; *Cortez-Gonzalez*, 2025 WL 3485771, at *3.

### CONCLUSION

It is hereby **ORDERED**:

1) The Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**;

2) Respondents shall release Petitioner within 24 hours of this Order being entered;

3) Respondents shall facilitate Petitioner's transportation from the detention facility by notifying Petitioner's counsel when and where he can be collected, and by providing all necessary identity and travel documents to board a domestic flight to return to Florida;

4) Respondents **SHALL** file a notice of compliance within two business days of Petitioner's release. This notice must specify: (1) the date, (2) the time, and (3) the manner of departure (e.g., transport to a bus station, designated drop-off location, or other arrangements). Additionally, the notice must include (4) a description or copies of all discharge and travel documents provided to Petitioner at the time of release;

5) Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a);

6) Respondents **SHALL NOT** remove Petitioner to any third country to which he does not have a removal order without first providing him with constitutionally compliant procedures;

7) The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order and to entertain any motions for attorneys' fees.

**IT IS SO ORDERED**.

_____

**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**